UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHANTELLE AMADOR, individually and on behalf of all others similarly situated, | Case No. 6:21-cv-01166-MK |
| | **FINDINGS AND RECOMMENDATION** |
| Plaintiffs, | |
| v. | |
| DESERT FIRE LLC dba SILVER DOLLAR CLUB, an Oregon Limited Liability Company; DAMON SHRADER, an individual; and DOES 1 THROUGH 10, inclusive, | |
| Defendants. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff commenced this action in August 2021 alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Compl., ECF No. 1. Before the Court is Plaintiff's motion for attorney fees. Mot. Atty Fees, ECF No. 19. Defendants oppose the motion. Def.'s Resp., ECF No. 20. For the reasons that follow, the motion should be DENIED.

Page 1 — FINDINGS AND RECOMMENDATION

## BACKGROUND

On January 21, 2022, Plaintiff notified the Court that she had accepted Defendants' Offer of Judgment pursuant to Federal Rule of Civil Procedure 68. ECF No. 15. On January 27, Plaintiff filed a proposed Judgment in Plaintiff's favor. ECF No. 16. The Court entered judgment the following day in the amount of $5,000, plus reasonable attorney's fees and costs. ECF No. 17.

On March 30, 2022, Plaintiff filed a motion for attorney fees and costs in the amount of $17,897.90 and $672 respectively. ECF No. 19.

## STANDARD

The Supreme Court has explained that "the lodestar approach" is "the guiding light" when determining a reasonable fee under federal fee-shifting statutes. *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010). Under the lodestar method, the court first determines the appropriate hourly rate for the work performed and then multiplies that amount by the number of hours properly expended in doing the work. *Id.* Although "in extraordinary circumstances" the amount produced by the lodestar calculation may be increased, "there is a strong presumption that the lodestar is sufficient." *Id.* at 556.

The party seeking an award of fees bears "the burden of documenting the appropriate hours expended in the litigation, and [is] required to submit evidence in support of those hours worked." *United Steelworkers of Am. v. Ret. Income Plan for Hourly-rated Emps. of Asarco, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008) (quotations omitted). When "determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

To determine the lodestar amount the court may consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002) (quotation omitted). A rote recitation of the relevant factors is unnecessary as long as the court adequately explains the basis for its award of attorney fees. *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).

A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). In determining the reasonableness of fees, the court is not required to respond to each specific objection. *Gates v. Deukmajian*, 987 F.2d 1392, 1400 (9th Cir. 1992). Rather, all that is required is a "concise but clear" explanation of reasons for the fee award. *Id.* Finally, the Court begins its inquiry with the acknowledgment that "a court's discretion to deny fees under § 1988 is very narrow and that fee awards should be the rule rather than the exception." *Herrington v. Cty. of Sonoma*, 883 F.2d 739, 743 (9th Cir. 1989).

## DISCUSSION

The FLSA is a fee-shifting statute. Upon finding a violation, the district court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Oregon law also

provides for an award of "a reasonable sum for attorney fees" in actions for unpaid wages. ORS § 652.200(2). Defendants do not dispute the reasonableness of Plaintiff's requested hourly rate. Nor do they dispute the total number of hours billed. Instead, their sole contention is that the Court should deny the motion as untimely.

Rule 54 governs requests for costs and attorney fees. Specifically, the rule provides that a motion for attorney fees "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). "Failure to comply with the time limit in Rule 54 is a sufficient reason to deny a motion for fees absent some compelling showing of good cause." *In re Veritas Software Corp. Sec. Litig*., 496 F.3d 962, 972 (9th Cir. 2007) (citing *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 889–90 (9th Cir. 2000)); *see also Toshiba Am. Info Sys, Inc. v. New England Tech*., 2007 WL 8089815, *1 (C.D. Cal. 2007) ("Failure to file a motion for attorneys' fees within the prescribed time period waives a party's right to request fees." (citing *Port of Stockton v. W. Bulk Carrier KS*, 371 F.3d 1119, 1121–22 (9th Cir. 2004))).

Because the Court entered judgment on January 21, 2022, under Rule 54(d)(2)(B)(i), Plaintiff's deadline to file her motion for attorney fees and costs was February 11, 2022. Plaintiff filed her motion on March 30, 2022—61 days after the entry of judgment. Plaintiff's motion therefore falls outside the timeframe permitted by the Rule 54.

In her motion, Plaintiff failed to provide the Court with any rationale for the untimely submission. Significantly, after Defendants specifically objected to the motion as untimely, Plaintiff did not file a response although expressly authorized to do so by Local Rule 54-1(b). Consequently, the Court has not been provided with *any* explanation for Plaintiff's untimely motion. As such, the Court should find that Plaintiff's motion falls outside of the timeframe

provided in Rule 54 and that Plaintiff has failed to make a showing of good cause that would excuse her untimely motion.

## RECOMMENDATION

For the reasons explained above, the Plaintiff's motion for attorney fees and costs (ECF No. 31) should be DENIED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Findings and Recommendation will be referred to a district judge. Objections to this Findings and Recommendation, if any, are due fourteen (14) days from today's date. *See* Fed. R. Civ. P. 72. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 14th day of June 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
